Argued March 25; affirmed April 20; rehearing denied
May 11, 1937

## STEIGERWALD *v.* SINNETT

(66 P. (2d) 1177)

*W. D. Freeman,* of Portland, for appellant.

*Lamar Tooze,* of Portland (Jaureguy & Tooze, of Portland, on the brief), for respondent.

KELLY, J. On September 18, 1930, a deed was signed and acknowledged by plaintiff and his wife conveying lot 29, block 2, Steigerwald's Addition in Multnomah county to Mont E. LeFors and wife. On the same day another deed was signed and acknowledged by plaintiff and his wife conveying lot 28 in said block and addition to defendant. These deeds were placed in escrow with F. L. Steigerwald, who is plaintiff's son.

On the same day, namely, September 18, 1930, a written agreement was made. This agreement was signed by defendant and plaintiff "By F. L. Steigerwald atty in fact."

Omitting the specifications, attached to said agreement, and the signatures of the parties, said agreement is as follows:

"This agreement made this 18 day of September 1930 by and between Ernest C. Sinnett, to be hereafter known as the party of the first part and A. N. Steigerwald the party of the second part.

"Whereas the party of the second part has this day executed and delivered to Fred Steigerwald a good and sufficient warranty deed to lot 29 block 2 Steigerwald Addition, said deed running to Mont E. LeFors and wife, and also a good and sufficient warranty deed to lot 28 block 2 Steigerwald Addition running to Ernest C. Sinnett.

"Whereas the said Mont E. LeFors and Lorraine LeFors his wife, have this day executed and delivered to the said Fred Steigerwald the following described mortgages covering lot 29 block 2 Steigerwald Addition. One first mortgage in the sum of $2200.00 due in 3 years in favor of Ernest C. Sinnett and one second mortgage in the sum of $1011.15, due in monthly installments of $14.66 or more commencing one year from date, running in favor of A. N. Steigerwald.

"Now whereas the party of the first part agrees to build one certain house 26 ft. by 30 ft. and garage, according to specifications attached hereto, and agrees to commence said work within five days from date and complete his contract within four months from date and further agrees to pay all labor and material bills promptly and keep said property free and clear of labor and material liens during said construction.

"It is further agreed between the parties hereto that as soon as the party of the first part shall have the foundation to said building poured, the said Fred Steigerwald at the request of either party shall have deed and mortgages covering lot 29 block 2 Steigerwald Addition, recorded and when said building is under roof the said Fred Steigerwald shall have deed to lot 28 block 2 Steigerwald Addition duly recorded.

"All recording expense to be paid by Ernest C. Sinnett.

"The said A. N. Steigerwald agrees to furnish forthwith a completed abstract continued to date for each of the above described lots.

"First party further agrees to start a building on lot 28 Blk 2 Steigerwald Add. on or before Jan 1st 1931

"Signed in duplicate the day and year first above mentioned."

The agreed price of said lot 28 was $470 and of said lot 29 $475. Because no money was to be paid to plaintiff until one year had elapsed, one year's interest at 7 per cent was added to the total price of the two lots making $1,011.15, in which amount said note and second mortgage on said lot 29 were executed.

One question raised by plaintiff is whether plaintiff's son was authorized to sign plaintiff's name to said agreement. We think that the evidence supports the finding of the learned circuit judge to the effect that plaintiff ratified the course taken by his son in signing said agreement and in delivering the deeds mentioned therein.

Plaintiff claims that defendant agreed to pay the purchase price of said lot 28, but the preponderance of the testimony supports defendant's position thereupon, namely, that the note executed by Mr. and Mrs. LeFors in the sum of $1,011.15, secured by a second mortgage upon said lot 29, was taken and received by plaintiff in full payment of the purchase price of said lot 28 and also of said lot 29.

Defendant constructed the house upon said lot 29 as specified in said written agreement.

No good purpose can be served by a further review of the evidence.

The judgment of the circuit court is affirmed.

BEAN, C. J., and BELT and ROSSMAN, JJ., concur.